UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AMANDA LEE DONAHUE-HANSEN,                    No. 10-10923

Debtor(s).
_____/

Memorandum on Objection to Claim
_____

On June 5, 2006, debtor Amanda Donahue-Hansen borrowed $480,000.00 from SCME Mortgage Bankers, Inc., secured by a first deed of trust to her real property at 120 Decanter Circle, Windsor, California. Her note was transferred first to Countrywide Home Loans and then, after its demise, to BAC Home Loans Servicing, LP. On October 31, 2009, Donahue-Hansen signed a loan modification agreement with BAC Home Loans Servicing, LP. She filed her Chapter 13 petition on March 13, 2010.

BAC Home Loans Servicing, LP, filed a timely proof of claim attaching the note and deed of trust. Bank of America has since merged with BAC Home Loans Servicing, LP, and is now the owner of the note and possesses the original. Donahue-Hansen has objected to the claim, by admission of her counsel for the primary purpose of inducing the Bank to negotiate further concessions to her. That having failed, she presses her objection on the ground that her note is not negotiable.

The note is probably negotiable, as almost all notes secured by real property in California are. 4 **California Real Estate Law and Practice,** Secured Transactions § 110.01, p. 110-4. However, this

issue is irrelevant; a note is transferred when it is delivered by a person other than its issuer for the purpose of giving to the recipient the right to enforce it.  **Id.,** at § 110.30.  "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee, the transferor's right to enforce the instrument . . . ."  **Id.**

Bank of America has established that it is the lawful owner of the note and is entitled to enforce it.  Donahue-Hansen's objection to the claim will accordingly be overruled.  Counsel for Bank of America shall submit an appropriate form of order.

Dated: February 17, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2